**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE SCHULTZ, Plaintiff, | ) | 1:10-cv-1621 |
| | ) | Judge Gottschall |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| MRS ASSOCIATES, INC., Defendant. | ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

**CLASS ACTION**

1. Plaintiff Julie Schultz ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant MRS Associates, Inc. ("MRS") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

2. Although it has had a judgment entered against it for substantially identical violations, *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005), the debt collector defendant called plaintiff and others without adequately identifying itself and without stating that it is a debt collection agency in violation of 15 U.S.C. §§ 1692e(11) and 1692d(6). It also appears to have "spoofed" its caller ID, in violation of 15 U.S.C. §1692e.

**JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

4. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

## PARTIES

5. Plaintiff is an individual who resides in this District.

6. MRS is a debt collection agency that has its headquarters in Cherry Hill, New Jersey.

## FACTS

7. MRS called plaintiff numerous times in attempts to collect a debt. Any such debt would have been incurred for family and household purposes.

8. On or about March 10, 2010, MRS left a prerecorded voice mail message on plaintiff's voice mail. The prerecorded collection message was on a "loop", and repeated the following message numerous times over a period of five minutes:

> **... this will directly affect you, and I am more than willing to help you. Please contact me at 1-800-213-9519. Thank you.**
>
> **Hello, this is Steven Harris. Your documents were brought to my attention this morning for review. Unfortunately this has reached the point where I have to make a decision on your behalf. I would much rather discuss this with you now, and give you a chance to get your information on the record before the final decision is made this will directly affect you, and I am more than willing to help you. Please contact me at 1-800-213-9519. Thank you.**
>
> ******* [repeat several times] ******
>
> **Hello, this is Steven Harris. Your documents were brought to my attention this morning for review. Unfortunately this has reached the point where I have to make a decision on your behalf. [End]**

Plaintiff's counsel has a recording of the message.

9. Further, different caller identification was displayed on plaintiff's Caller ID for different calls. For example, on March 10, 2010, there were two calls to plaintiff from MRS. One of the calls was listed as "unknown" and the other caller ID was listed as "telemarketer."

10. 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ****
>
> **(6) Except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

11. 15 U.S.C. §1692e prohibits false, deceptive or misleading statements, and 1692e(11) requires that a debt collector disclose that he is, indeed a debt collector:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ****
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

12. None of the messages as quoted above identify any company or debt collector as the calling party.

13. None of the messages as quoted above identify the calling party as a debt collection agency.

14. MRS' voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and MRS was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D.

Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

15. MRS has been sued for these violations before, and lost on the merits of plaintiff's summary judgment motion. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005).

16. Nevertheless, MRS persists in violating these sections of the FDCPA.

17. It is hard to imagine how a company that has been sued for such violations in the past and lost could possibly make a "bona fide error" in violating these sections again, particularly on the systematic basis here.

18. Not only are there three messages with the same violations here, one of the messages is prerecorded. Based upon the fact that it is prerecorded, it was left for more than one person.

**COUNT I - FDCPA**

19. Plaintiff incorporates all previous paragraphs.

20. Defendant violated the FDCPA as explained above.

**CLASS ALLEGATIONS**

21. Plaintiff brings this count on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(3). The class is defined as:

> **All natural persons with Illinois, Indiana and Wisconsin addresses who defendant called between March 1 and March 10, 2010, using the prerecorded message listed in paragraph 10.**

22. Upon information and belief, based upon the fact that the message was prerecorded, there are more than 50 members of the proposed class; sufficient to satisfy the numerosity requirement.

23. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether MRS' call and message violated the FDCPA, and

   b. Damages.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

25. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

26. Furthermore, apparently the summary judgment ruling and stipulated $2,000 damages (double the typical statutory damages for such violations) entered in the *Hosseinzadeh* case was insufficient to deter MRS from engaging in recidivism.

27. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

28. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

29. The identity of the class is likely readily identifiable from defendant's records.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

a. Statutory damages;

b. A declaration that the defendant's practices as to plaintiff and the class violated the FDCPA;

c. Attorney's fees and costs; and

d. Any other relief the Court finds proper.

Respectfully submitted,

/s/Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020

Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

/s/Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party called in association with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

**CERTIFICATE OF SERVICE**

This document was served via the ECF system for the Northern District of Illinois, and by US Mail to defendant at the following address: MRS Associates, Inc., Legal Department, 1930 Olney Ave., Cherry Hill, NJ 08003.

/s/Alexander H. Burke