### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JULIE SCHULTZ, | ) | |
| | ) | Case No. 10 CV 1621 |
| Plaintiff, | ) | |
| | ) | Judge Gottschall |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| MRS ASSOCIATES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

NOW COMES Defendant, MRS ASSOCIATES, INC. ("Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

### CLASS ACTION

1.   Plaintiff Julie Schultz ("plaintiff"), brings this action to secure redress for unlawful debt collection practice (sic) engaged in by defendant MRS Associates, Inc. ("MRS") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

**ANSWER:**   Defendant admits only that Plaintiff purports to bring an action to secure redress for alleged unlawful debt collection practices allegedly engaged in by Defendant. Except as specifically admitted, MRS denies the allegations of paragraph one and denies any violation, wrongdoing or liability under the law.

2.   Although it has had a judgment entered against it for substantially identical violations, *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp.2d 1104, 1112, 1118 (C.D.Cal.2005), the debt collector defendant called plaintiff and others without adequately identifying itself and without stating that it is a debt collection agency in violation of 15 U.S.C. §§

1692e(11) and 1692d(6).  It also appears to have "spoofed" its caller ID, in violation of 15 U.S.C.

§1692e.

      **ANSWER:**    Defendant admits that it called Plaintiff and others.  Defendant denies the

remaining allegations in paragraph two.

**JURISDICTION**

      3.   This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15

U.S.C. §1692k (FDCPA).

      **ANSWER:**    Defendant admits that this Court has subject matter jurisdiction due to

Plaintiff's allegations, which purport to invoke the court's federal question jurisdiction.  Defendant

denies the remaining allegations contained in paragraph three.

    4.   Venue is appropriate because a substantial portion of the events that gave rise to this

cause of action occurred here.

      **ANSWER:**    Defendant admits that jurisdiction in this District is proper.

**PARTIES**

      5.      Plaintiff is an individual who resides in this District.

      **ANSWER:**    Defendant admits, upon information and belief, the allegations contained in

paragraph five.

      6.      MRS is a debt collection agency that has its headquarters in Cherry Hill, New Jersey.

      **ANSWER:**    Defendant admits that it is a collection agency that has its headquarters in

Cherry Hill, New Jersey.  Defendant admits that in some but not all instances, the obligations it

attempts to collect are "debts", as that term is defined pursuant to 15 U.S.C. §1692a(3).

**FACTS**

      7.      MRS called plaintiff numerous times in attempts to collect a debt.  Any such debt

2

would have been incurred for family and household purposes.

   **ANSWER:**   Defendant admits that it called plaintiff.  Defendant lacks sufficient information

to admit or deny whether it called in an attempt to collect a "debt", as that term is defined pursuant

to 15 U.S.C. §1692a(3).  Defendant further lacks sufficient information to admit or deny whether it

called Plaintiff in an attempt to collect an obligation that was incurred for family and household

purposes.  Defendant denies all remaining allegations in paragraph seven.

   8.   On or about March 10, 2010, MRS left a prerecorded voice mail message on

plaintiff's voice mail.  The prerecorded message was on a "loop", and repeated the following

message numerous times over a period of five minutes:

   **…this will directly affect you, and I am more than willing to help you.  Please contact me
   at 1-800-213-9519.  Thank you.**

   **Hello, this is Steven Harris.  Your documents were brought to my attention this morning
   for review.  Unfortunately this has reached the point where I have to make a decision on
   your behalf.  I would much rather discuss this with you now, and give you a chance to get
   your information on the record before the final decision is made this will directly affect
   you, and I am more than willing to help you.  Please contact me at 1-800-213-9519.  Thank
   you.**

   ***** [repeat several times]*****

   **Hello, this is Steven Harris.  Your documents were brought to my attention this morning
   for review.  Unfortunately this has reached the point where I have to make a decision on
   your behalf.  [End]**

Plaintiff's counsel has a recording of the message.

   **ANSWER:**   Defendant admits that it left a prerecorded voicemail message on Plaintiff's

voicemail on or about March 10, 2010.  Defendant lacks sufficient information to admit or deny

whether what was left on Plaintiff's voicemail on around March 10, 2010 is accurately reflected in

paragraph eight of Plaintiff's complaint.  Defendant further lacks sufficient information to admit or

deny the remaining allegations contained in paragraph eight.

9.       Further, different caller identification was displayed on plaintiff's Caller ID for

different calls.  For example, on March 10, 2010, there were two calls to plaintiff from MRS.  One

of these calls was listed as "unknown" and the other called ID was listed as "telemarketer."

**ANSWER:**    Defendant lacks sufficient information to admit or deny the allegations

contained in paragraph nine.

10.       15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide

meaningful disclosure of the caller's identity:

> **A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **\*\*\*\***
> **(6) Except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

**ANSWER:**    Defendant denies the accuracy of the purported statement of law that 15

U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful

disclosure of the caller's identity.  Defendant admits that the remainder of paragraph ten purports to

quote a portion of §1692d.  Defendant denies that the remainder of paragraph ten accurately quotes

the portion of  §1692d that it purports to quote, and further states that the actual text of §1692d

speaks for itself.

11.       15 U.S.C. §1692e prohibits false, deceptive or misleading statements, and 1692e(11)

requires that a debt collector disclose that he is indeed a debt collector:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **\*\*\*\***
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral**

**communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

**ANSWER:**    Defendant denies the accuracy of the purported statement of law that 15 U.S.C. §1692e prohibits false deceptive or misleading statements, and 1692e(11) requires that a debt collector disclose that he is, indeed a debt collector.  Defendant admits that the remainder of paragraph eleven purports to quote a portion of §1692e, and further states that the actual text of §1692e speaks for itself.

12.   None of the messages as quoted above identify any company or debt collector as the calling party.

**ANSWER:**  Defendant admits that none of the messages, as quoted in paragraph eight of Plaintiff's complaint, identify any company as the calling party.  Defendant denies the remaining allegations in paragraph twelve.

13.   None of the messages as quoted above identify the calling party as a debt collection agency.

**ANSWER:**   Defendant admits that none of the messages as quoted in paragraph eight of Plaintiff's complaint identify the calling party as a debt collection agency.

14.       MRS' voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and MRS was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11).  *Ramirez v. Apex Fin. Mgt., LLC,* 567 F.Supp.2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F. Supp.2d 643, 669 (S.D.N.Y. 2006); *Joseph v. J.J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC*, 1:05cv1026, 2006 WL 1647134, 2006 U.S.Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v.*

*Litton Loan Servicing, LP*, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

      **ANSWER:**   Defendant denies the allegations contained in paragraph fourteen.

      15.    MRS has been sued for these violations before, and lost on the merits of plaintiff's summary judgment motion.  *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal 2005).

      **ANSWER:**   Defendant denies the allegations contained in paragraph fifteen of Plaintiff's complaint.

      16.    Nevertheless, MRS persists in violating these sections of the FDCPA.

      **ANSWER:**   Defendant denies the allegations contained in paragraph sixteen of Plaintiff's complaint.

      17.    It is hard to imagine how a company that has been sued for such violations in the past and lost could possibly make a "bona fide error" in violating these sections again, particularly on the systematic basis here.

      **ANSWER:**   Defendant denies the allegations contained in paragraph seventeen of Plaintiff's complaint.

      18.    Not only are there three messages with the same violations here, one of the messages is prerecorded.  Based on the fact that it is prerecorded, it was left for more than one person.

      **ANSWER:**   Defendant admits that it left a prerecorded voicemail message on Plaintiff's voicemail on or about March 10, 2010.  Defendant denies the remaining allegations contained in paragraph eighteen.

## COUNT I – FDCPA

      19.    Plaintiff incorporates all previous paragraphs.

**ANSWER:**   Defendant incorporates its answers to all previous paragraphs.

20.   Defendant violated the FDCPA as explained above.

**ANSWER:**   Defendant denies the allegation contained in paragraph twenty.

## CLASS ALLEGATIONS

21.   Plaintiff brings this count on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(3).  The

class is defined as:

**All natural persons with Illinois, Indiana and Wisconsin addresses, who defendant called**
**between March 1 and March 10, 2010 using the prerecorded message listed in paragraph**
**10 (sic).**

**ANSWER:**   Defendant admits that Plaintiff purports to bring this count on behalf of a

class, pursuant to Fed.R.Civ.P. 23(b)(3). Defendant further admits that Plaintiff purports to define

that class in paragraph twenty-one.  Defendant denies that a class should be certified in this case,

denies that a class is proper and denies violating any laws.

22.   Upon information and belief, based on the fact that the message was prerecorded, there are

more than 50 members of the proposed class; sufficient to satisfy the numerosity requirement.

**ANSWER:**   Defendant denies that the mere fact that Plaintiff received a prerecorded

message necessarily means that there are more than fifty members of a proposed class defined by

Plaintiff, and that the numerosity requirement is thereby satisfied as a result.  Defendant admits, on

information and belief, that there are more than fifty natural persons with Illinois, Indiana and

Wisconsin addresses, who Defendant called between March 1 and March 10, 2010 using a

prerecorded message similar to the prerecorded message described in paragraph eight of Plaintiff's

amended complaint.  Defendant denies any remaining allegations contained in paragraph

twenty-two.

23.   Common questions of law and fact exist as to all members of the class and predominate

over any questions solely affecting any individual member of the class, including plaintiff.  Such

questions common to the class include, but are not limited to:

    a.   Whether MRS' call and message violated the FDCPA, and

    b.   Damages.

      **ANSWER:**   Defendant denies the allegations contained in paragraph twenty-three and its

sub-paragraphs.

      24.   Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no

interests that might conflict with the interests of the class.  Plaintiff is interested in pursuing her

claims vigorously, and has retained counsel competent and experienced in class and complex

litigation.

      **ANSWER:**   Defendant denies the allegations contained in paragraph twenty-four.

      25.   Class action treatment is superior to the alternatives for the fair and efficient

adjudication of the controversy alleged herein.  Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without duplication of effort and expense that numerous individual actions would

entail.

      **ANSWER:**   Defendant denies the allegations contained in paragraph twenty-five.

      26.   Furthermore, apparently the summary judgment ruling and stipulated $2,000

damages (double the typical statutory damages for such violations) entered in the *Hosseinzadeh*

case was insufficient to deter MRS from engaging in recidivism.

      **ANSWER:**   Defendant denies the allegations contained in paragraph twenty-six.

      27.   No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair

and efficient adjudication of this controversy.

     **ANSWER:**   Defendant denies the allegations contained in paragraph twenty-seven.

     28.   Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to the individual members of the class that would establish incompatible standards of conduct.

     **ANSWER:**   Defendant denies the allegations contained in paragraph twenty-eight.

     29.   The identity of the class is likely readily identifiable from defendant's records.

     **ANSWER:**   Defendant admits that the number of persons with Illinois, Indiana and Wisconsin addresses, who Defendant called between March 1 and March 10, 2010 using a prerecorded message similar to the prerecorded message described in paragraph eight of Plaintiff's amended complaint is readily identifiable from Defendant's records.  Defendant denies the remaining allegations in paragraph twenty-nine.

     30.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

     **ANSWER:**   Defendant denies the allegations contained in paragraph thirty.

### **AFFIRMATIVE DEFENSES**

     Defendant, MRS Associates, Inc., by counsel, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and subject to further investigation and discovery, hereby asserts the following affirmative defenses in this matter:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a cause of action for any violation of the FDCPA.

## SECOND AFFIRMATIVE DEFENSE

If Defendant violated the FDCPA, which Defendant denies having done, any such violation was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

## THIRD AFFIRMATIVE DEFENSE

Defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified. Defendant reserves the right to amend its Affirmative Defenses to address those potential defenses.

WHEREFORE, Defendant, MRS Associates, Inc., by counsel, respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, that pursuant to federal law, Plaintiff be ordered to pay reasonable attorney's fees and costs for MRS Associates, Inc., and for all other general and equitable relief this honorable Court deems just and proper under the circumstances.

Respectfully submitted,

By: s/Brian J. Olszewski
Brian J. Olszewski

Brian J. Olszewski
Blitt & Gaines, P.C.
661 Glenn Avenue
Wheeling, IL  60090
(847)403-4900 (Phone)
(312)920-0625 (Fax)
brian.olszewski@blittandgaines.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I filed the foregoing Answer and Affirmative Defenses  through the Court's ECM/CF system, which will cause electronic notification of this filing to be sent to all counsel of record on May 4, 2010.

s/Brian J. Olszewski
Brian J. Olszewski
Blitt & Gaines, P.C.
661 Glenn Avenue
Wheeling, IL  60090
(847)403-4900 (Phone)
(312)920-0625 (Fax)
brian.olszewski@blittandgaines.com
